IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**
             Case No. 4:03cr16-SPM
             Case No. 4:06cv580-SPM/WCS

**HERNANDEZ LOPAZ DANIELS,**

  Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

  This cause was recently transferred to me for further proceedings. Doc. 103. Pending is Defendant's 28 U.S.C. § 2255 motion. Doc. 98. The Government filed a response in opposition to the motion, and Defendant filed a reply. Docs. 102 and 108.

  The Government argues, *inter alia*, that the § 2255 was untimely filed. Doc. 102, pp. 13-14. Defendant responds that he was in transit from February 2, 2006, until November 16, 2006, and "did not have his property in order to file his 2255 petition because when a federal prisoner is in transit he cannot travel with his property." Doc. 108, p. 1.

**Procedural History**

Defendant was charged with conspiracy to distribute and possess with intent to distribute more than fifty grams of a substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. § § 841(b)(1)(A)(iii) and 846 (count one).  Doc. 1 (indictment), p. 1. He was also charged with three counts of distribution of crack cocaine in violation of § § 841(a)(1) and 841(b)(1)(C).  Id., pp. 2.  Following a jury trial, Defendant was convicted of counts one, two, and four, and acquitted of count three.  Doc. 41 (verdict).

Defendant was sentenced to "a term of Life on Count 1 and 360 months on Counts 2 and 4; with all terms to run concurrently with each other."  Doc. 57 (judgment).

On appeal, the convictions on counts one, two and four were affirmed, but the sentences on the distribution counts (two and four) were vacated and remanded for resentencing.  Doc. 83.  The sentences were vacated because it was not clear what the sentences would have been had the sentencing guidelines been advisory rather than mandatory.  Id. (attached opinion), pp. 13-15, citing United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (other citations omitted).[1]  The life sentence on count one was not vacated because, based on the verdict and Defendant's two prior felony drug convictions, the sentence was a mandatory term of life imprisonment under the statute.  Id., p. 14.[2]  Certiorari was denied by the Supreme Court on October 11, 2005.

---

[1] Defendant had preserved the issue, and Booker was decided while the appeal was pending.

[2] The jury found beyond a reasonable doubt that count one involved fifty grams or more of a mixture or substance containing cocaine base.  Doc. 41, p. 1.

On remand, Defendant was sentenced to "a term of three hundred and sixty (360) months as to Counts 2 and 4, to run concurrently with the Life sentence imposed on Count 1 on January 20, 2004."  Doc. 94 (judgment on remand), p. 2.  The judgment was entered on the docket on April 2, 2006.  In the statement of reasons, it was noted that "[t]he sentence on Counts 2 & 4 is below the otherwise applicable guideline range but the range is restricted by the maximum sentence that can be imposed by statute."  Doc. 94 (sealed document), p. 4.  Defendant did not appeal.

**§ 2255 Claims**

At the outset, it is noted that Defendant did not submit his § 2255 motion using the form required by this court.  *See* Local Rule 5.1(J)(2) ("[n]o . . . motion under 28 U.S.C. § 2255. . . shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant.").  Since the Government already responded and Defendant filed a reply, requiring Defendant to complete the form now would only delay resolution of the case.

Defendant argues first that his indictment was invalid as to all counts.  Doc. 98, p. 4.  He asserts as "issue one" that counsel was ineffective for failure to file a motion to suppress based on the invalid warrant affidavit, and for his failure in general to conduct any pretrial investigation.  *Id.*, pp. 4-10.

As issue two, Defendant asserts that "[c]ounsel was also ineffective for not proceeding with motions to have a suppression hearing or suppression of the evidence during pretrial matters."  *Id.*, p. 10.  More specifically, he claims counsel should have moved to dismiss the indictment on various grounds and to challenge the warrant affidavit.  *Id.*  He asserts that counsel should have argued violation of the right to

confrontation based on the charge of conspiracy with unknown persons. *Id.*, pp. 10-11. Defendant claims the Government knew there was no conspiracy, and shifted the burden of proof to him to prove he did not conspire with unnamed persons. *Id.*, p. 11.

As issue three, Defendant claims counsel was ineffective for failing to interview or depose witnesses listed in the search warrant affidavit, including Delovontez Washington and Renisha Gibbs. *Id.*, pp. 12-13. He faults counsel for failing to hire an investigator. *Id.*, p. 12. He asserts that between the time counsel was appointed on April 4, 2003, and trial on October 21, 2003, counsel only visited him once, the day before trial. *Id.*, p. 13. Defendant claims that counsel did not discuss the case with him or learn the facts of the case. *Id.*, pp. 13-16.

Defendant asserts as issue four that counsel was ineffective in failing to negotiate a plea bargain or advise him whether to enter a plea or go to trial. *Id.*, p. 17. As issue five, Defendant asserts that counsel was ineffective for failing to advise that Defendant's sentence would be enhanced to life based on his prior convictions, which would have allowed him to make an informed choice on whether to plead guilty. *Id.*, p. 21.

In issue six, Defendant faults counsel for failing to file a motion to set aside the jury verdict on count one based on insufficient evidence to establish a conspiracy, as was argued on direct appeal. *Id.*, pp. 22-23.

**Arguments and Analysis**

The Government asserts that the § 2255 motion is untimely, and also addresses the merits of Defendant's claims. The merits, however, should not be reached because the motion is untimely.

There is a one year time limit for filing a § 2255 motion, which commences from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255. As discussed ahead the limitations period is also subject to equitable tolling based on a showing of extraordinary circumstances and due diligence.

In this case, the original judgment of conviction became final on October 11, 2005, when the Supreme Court denied certiorari. Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) (in the post conviction context, a judgment of conviction is final when the Supreme Court affirms on the merits or denies a petition for writ of certiorari, or when the time for seeking certiorari expires). Although the Eleventh Circuit remanded for resentencing, Defendant received the same sentence and he does not now challenge any aspect of the resentencing. The judgment on resentencing pertained only to the counts remanded, specifying the sentences were to run concurrently with the sentence on count one imposed on January 20, 2004.

Defendant challenges the original judgment of conviction, and the one year ran from the date on which that judgment became final. Rainey v. Secretary for the Dept. of Corrections, 443 F.3d 1323, 1328 (11th Cir. 2006) (one year period for state prisoner to

file a 28 U.S.C. § 2254 petition ran from the date his judgment of conviction became final, where he challenged only the judgment of conviction and not the judgment on resentencing).[3] See also, United States v. Wilson, 256 F.3d 217, 219-220 (4th Cir. 2001) (where convictions on all but one count were affirmed and case was remanded to vacate the one count, the one year for filing a § 2255 motion ran from the denial of certiorari rather than the order vacating the one count on remand).[4]

Thus, absent equitable tolling of the period, Defendant had to file his § 2255 motion no later than October 11, 2006.

**Equitable Tolling**

Defendant does not contend that his conviction was not final until after resentencing, but asserts that he was unable to timely file his § 2255 motion because he was in transit for a portion of the period and consequently lacked access to his property.

Equitable tolling of the one year period is an extraordinary remedy which is to be applied sparingly, based on a defendant's showing of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted); Arthur v. Allen, 452

---

[3] The court distinguished cases where the petitioners raised challenges to the judgment entered on resentencing. Id., at 1327-28 (citations omitted).

[4] See also 256 F.3d at 220-222 (J. Michael, concurring) (citing 18 U.S.C. § 3582(b), providing that though a sentence to imprisonment can be modified or corrected, a judgment of conviction including such a sentence is "a final judgment for all other purposes.") (other citations omitted); Rainey, 443 F.3d at 1328, n. 6) (citing the "well-recognized" principle "that resentencing does not affect the finality of the original judgment of conviction.") (citation omitted).

Case No.: 4:03cr16-SPM and Case No. 4:06cv580-SPM/WCS

F.3d 1234, 1252 (11th Cir. 2006)[5] (citing Sandvik).  A determination of extraordinary circumstances looks to the circumstances of the late filing (rather than the underlying conviction), and whether the conduct of others prevented a timely filing.  *See* Arthur, 452 F.3d at 1253 and n. 18 (collecting cases).  To show diligence, Defendant must provide details of the actions taken in his attempt to timely file.  *Id.* (citation omitted).

Defendant claims he was in transit from February 2, 2006 until designated to an assigned facility on November 16, 2006.  Doc. 108, p. 1.  He alleges that as a prisoner in transit he could not travel with his property, which he needed to prepare the motion.  *Id.*  In support, Defendant provides a printout of his inmate history, reflecting his inmate status prior to designation at an assigned facility.  Doc. 108, Ex. A (hereafter, references to exhibits are to those attached to doc. 108).  He also provides a letter requesting return of his legal property from his attorney representing him on state charges to the warden of the United States Prison (USP) in Pollock, Louisiana, dated August 11, 2006.  Ex. B.  He claims this letter "is proof that [he] was without his legal files" for the period "in transit from 2-02-06 until designated at assigned facility on 11-16-2006."  Doc. 108, p. 2.

Defendant does not allege specific facts regarding the period he was in transit, or allege that he made any attempts to obtain his property or file a motion in this period.  Given his pro se status, the court has examined Exs. A and B to determine if there is any factual basis for equitable tolling.

---

[5] The opinion was modified, but not in relevant part, on rehearing.  Arthur v. Allen, 459 F.3d 1310 (11th Cir. 2006) (replacing the discussion regarding entitlement to a hearing and discovery).

Defendant's inmate history printout is difficult to comprehend.  Each entry does not reflect a transfer, as there are multiple entries with the same dates.  The printout lists categories for facility, assignment, description of the assignment, and start and stop dates.  It appears that Defendant was designated at USP Pollock (listed as POL) on April 8, 2004, and remained there until February 2, 2006.  Ex. A, p. 2.  *See also* doc. 87 (motion to continue resentencing dated January 17, 2006, stating that Defendant was still in Louisiana).  He was transferred to Tallahassee (TAL) via Oklahoma (OKL) for a court appearance.  It appears Defendant arrived in Tallahassee on February 7, 2006, and appeared in court on February 21, 2006.  Ex. A and doc. 90 (minute entry of February 21, 2006, where oral motion to continue sentencing was granted).  He appeared in court for resentencing on March 8, 2006.  Ex. A and doc. 93 (minute entry of that date).  He apparently remained in Tallahassee until November 7, 2006, as TAL is the only facility listed between February and November of 2006.[6]

Defendant alleges that he was designated to his assigned facility on November 16, 2006, and the designation of that date on the inmate printout is to Pollock.  Defendant was at USP Pollock when the § 2255 was filed on December 12, 2006.  Doc. 98, p. 24 (bearing the date, Defendant's signature, and his address).

Defendant may have been sent out to local jails during his time in Tallahassee.  He provided a letter from attorney Clyde Taylor to the Warden of USP Pollock in Louisiana dated August 11, 2006.  Doc. 98, Ex. B.  Mr. Taylor said he represented

---

[6] Again, the entries are confusing; some of the listings under facilities (FCL) correspond with an institution, such as Oklahoma and Tallahassee.  There are other entries under FCL in the period from February to November of 2006 (4-W and P06), but they do not obviously correspond to any facility.

Defendant, "who is now in Quincy, Florida, awaiting trial on a murder charge."  *Id.*  Taylor wrote: "Mr. Daniels' legal files are still at Pollock, and he and I need them.  Please have his file forwarded care of my office for delivery to my client.  My office will pay for any costs associated with this request."  *Id.*

The outcome of counsel's request, or of the trial in Quincy, is not in the record.  It was presumably following the trial (and, if convicted, following sentencing) in the state case that Defendant was returned to USP Pollock.

In any event, Defendant has not shown extraordinary circumstances both beyond his control and unavoidable even with diligence.  The transfer of a prisoner for purposes of resentencing following remand, or for purposes of a state prosecution, is not extraordinary.  Further, Defendant has not established that his untimely filing, even if it resulted from his transfer, was unavoidable with diligence.  Certiorari was denied on October 11, 2005, and the one year commenced.  Over three months passed before Defendant was transferred from his designated facility.  He was then held in or around Tallahassee – where the Clerk of this court is located – until after the one year expired.  Defendant was represented by appointed counsel for resentencing in this court,[7] *and* was represented by counsel in state court on the murder charge.  Yet the docket reflects no request for records, a letter, or any inquiry from Defendant or counsel in the one year period.  The only indication of an attempt to obtain documents is the request to the warden from state court counsel dated August 11, 2006, just two months before the one year period expired.  Due diligence is not shown.

---

[7] After the remand, counsel was appointed on November 22, 2005.  Doc. 85.

Case No.: 4:03cr16-SPM  and  Case No. 4:06cv580-SPM/WCS

Nor does Defendant's lack of access to his legal property during a portion of the period constitute an unconstitutional impediment to filing which would trigger a later commencement date. In Akins v. United States, 204 F.3d 1086 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000), the court explained that for lack of access to a library to be an unconstitutional impediment, the prisoner must show it caused an actual harm, in that it unconstitutionally prevented him from exercising his right of access to the courts. 204 F.3d at 1090 (citations omitted). The inmate's failure to explain why he could not timely file his § 2255 motion for purposes of due was "also fatal to his claim of an unconstitutional impediment. The record does not support a finding of actual injury when Akins fails to explain why the seven months prior to lockdown [which resulted in lack of library access] were inadequate to complete and file his motion." *Id.*

Moreover, even if there is actual harm, to demonstrate an unconstitutional impediment a defendant must also show the impediment was not "reasonably related to legitimate penological interests." *Id.* (citations omitted). Defendant has not shown actual injury, and there is no showing that the lack of access to legal property while in transit was not reasonably related to legitimate penological interests.

**Recommendation**

For all these reasons, it is respectfully **RECOMMENDED** that the § 2255 motion (doc. 98) be **DENIED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on April 30, 2007.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 4:03cr16-SPM  and  Case No. 4:06cv580-SPM/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**