IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**  Case No. 4:03cr16-SPM
Case No. 4:06cv580-SPM/WCS

**HERNANDEZ LOPAZ DANIELS,**

    **Defendant.**

_____/

## SECOND REPORT AND RECOMMENDATION ON § 2255 MOTION

This cause was transferred to me for further proceedings.  Doc. 103.  Pending is Defendant's 28 U.S.C. § 2255 motion.  Doc. 98.  The Government filed a response in opposition to the motion and Defendant filed a reply.  Docs. 102 and 108.

**Whether the motion was timely filed**

On April 30, 2007, I recommended that Defendant's 28 U.S.C. § 2255 motion be denied as untimely based upon Rainey v. Secretary, Dept. of Corrections, 443 F.3d 1323, 1328 (11th Cir. 2006).  Doc. 109.  In August, Rainey was overruled by Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286 (11th Cir. 2007).  In view of the ruling in Ferreira, the report and recommendation was not adopted and the case was referred

back to me for further consideration.  Doc. 120.  The parties were afforded an opportunity to file additional argument, doc. 121, but no further argument has been filed.

Defendant was charged with conspiracy to distribute and possess with intent to distribute more than fifty grams of a substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. § § 841(b)(1)(A)(iii) and 846 (Count One).  Doc. 1 (indictment), p. 1.  He was also charged with three counts of distribution of crack cocaine in violation of § § 841(a)(1) and 841(b)(1)(C).  *Id.*, pp. 2.  Defendant had three qualifying felony drug convictions and was subject to enhanced sentencing.  Doc. 6.  Following a jury trial, Defendant was convicted of Counts One, Two, and Four, and acquitted of Count Three.  Doc. 41 (verdict).

Defendant was sentenced to "a term of Life on Count 1 and 360 months on Counts 2 and 4; with all terms to run concurrently with each other."  Doc. 57 (judgment).

On appeal, the convictions were affirmed, but the sentences on the distribution Counts (Two and Four) were vacated and remanded for resentencing.  Doc. 83.  The sentences were vacated because it was not clear what the sentences would have been had the sentencing guidelines been advisory rather than mandatory.  *Id.* (attached opinion), pp. 13-15, *citing* United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (other citations omitted).[1]  The life sentence on Count One was not vacated because, based on the verdict and Defendant's three prior felony drug

---

[1] Defendant had preserved the issue, and Booker was decided while the appeal was pending.

convictions, the sentence was a mandatory term of life imprisonment under the statute. *Id.*, p. 14.[2]  Certiorari was denied by the Supreme Court on October 11, 2005.

On remand, Defendant was resentenced to "a term of three hundred and sixty (360) months as to Counts 2 and 4, to run concurrently with the Life sentence imposed on Count 1 on January 20, 2004."  Doc. 94 (judgment on remand), p. 2.  The judgment was entered on the docket on April 2, 2006.  Defendant did not appeal.

This § 2255 motion was filed on December 19, 2006, within one year from the date on which the resentencing judgment on Counts Two and Four became final.

Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286 (11th Cir. 2007) concerned a § 2254 petition.  The court there reasoned:

> Thus, when AEDPA states, "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," *the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.*  28 U.S.C. § 2254(a).

494 F.3d at 1291-1292 (emphasis added).

A section 2255 motion should be governed similarly.  The one year for filing a § 2255 motion commences, *inter alia*, from "the date on which the *judgment of conviction* becomes final."  28 U.S.C. § 2255 (emphasis added).  The federal "judgment of conviction" should mean the same thing as a "judgment of a State court," that is, "the underlying conviction and most recent sentence that authorizes the petitioner's current detention."  Ferreira, 494 F.3d at 1292.  This § 2255 motion was timely filed to challenge

---

[2] The jury found beyond a reasonable doubt that count one involved fifty grams or more of a mixture or substance containing cocaine base.  Doc. 41, p. 1.

the original conviction.  Cf., United States v. Murphy, No. 3:03cr147-RV, 2007 WL 3072411 (N.D. Fla., October 22, 2007) (granting a certificate of appealability on whether resentencing pursuant to a Rule 35 motion restarts the AEDPA one year period).  The court, therefore, should address the merits of Defendant's claims.

**The merits of this § 2255 motion**

Defendant numbered the issues he raises but added several unnumbered claims at the beginning.  The claims raised are renumbered by the court in the order raised by Defendant.

**Ground one**

Defendant argues that his indictment was invalid as to the conspiracy count, Count One, because prosecution of the offense charged was barred by the statute of limitations.  Doc. 98, p. 4.  The premise of this claim is that the indictment alleged a conspiracy commencing on March 1, 1998, but the indictment was not filed until March 3, 2003, more than five years after the conspiracy was alleged to have commenced.  Doc. 1.  Defendant contends his attorney was ineffective for failing to pursue this issue.

A claim of ineffective assistance of counsel requires proof of both attorney error and prejudice to the outcome.  Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  With regard to attorney error, "[t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . .  [T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.  To show prejudice, a

claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068. Failure to demonstrate either inadequate performance or prejudice to the outcome is dispositive of the claim against the petitioner. 466 U.S. at 697, 104 S.Ct. at 2069.

The limitations period for a drug conspiracy is five years. United States v. Harriston, 329 F.3d 779, 783 (11th Cir. 2003) (citation omitted). But the indictment was not "invalid" because it alleged commencement of the conspiracy beyond the five year period of limitations. "The government satisfies the requirements of the statute of limitations for a non-overt act conspiracy if it alleges and proves that the conspiracy continued into the limitations period." Id. (citation omitted). As summarized by the Eleventh Circuit, the evidence of the conspiracy was "overwhelming." Doc. 83, p. 9; doc. 83, p. 11 on the electronic docket. Further, as also noted by the Eleventh Circuit, this claim would be unavailing because the conspiracy continued into the limitations period. Id., p. 12, n. 3; p. 14, n. 3 on the electronic docket.[3] Counsel was not ineffective for failing to argue this claim.

---

[3] The Eleventh Circuit found the conspiracy count statute of limitations claim waived because it was not raised at trial. Id., p. 12; p. 14 on the electronic docket. Defendant also asserted ineffective assistance of trial counsel for failing to preserve the issue, a claim not generally considered on direct appeal. Id., n. 3. The court also noted that even if a timely objection had been raised, it would not have prevailed because "the evidence clearly demonstrates that Daniels participated in the conspiracy from 1998 until 2003, when he was arrested." Id., pp. 12-13, n. 3; pp. 14-15, n. 3, on the electronic docket.

**Ground two**

Defendant argues that the indictment was defective for failure to allege drug quantities in Counts Two, Three, and Four,[4] and alleges ineffective assistance of counsel as to this issue. Defendant cites Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[5]  Doc. 98, p. 4.

Defendant was sentenced on remand after Booker, and the court resentenced him using the Guidelines as advisory only. Docs. 83 and 94. Whatever reliance Defendant now places upon Booker is moot because any Booker claim he had was honored.

Although he does not argue it, Defendant had no Fifth Amendment indictment claim either. Counts Two and Four alleged knowing and intentional distribution of a quantity of crack cocaine without regard for amount. The maximum punishment without regard to the weight of the crack cocaine was a term of 20 years of imprisonment. Defendant had prior drug convictions, raising the statutory maximum penalty to 30 years of imprisonment. 21 U.S.C. § 841(b)(1)(C). Doc. 6 (notice of prior convictions). Defendant was sentenced on Counts Two and Four to a 30 year term (360 months). This did not exceed the statutory maximum and thus did not violate Fifth Amendment.

---

[4] Defendant was acquitted of Count Three, and thus the claim applies only to Counts Two and Four.

[5] In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), the Court applied Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) to a sentence enhanced under state sentencing guidelines. In United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Court applied Apprendi and Blakely to the Federal Sentencing Guidelines.

*See,* United States v. Hester, 287 F.3d 1355, 1357 (11th Cir.), *cert. denied*, 537 U.S. 966 (2002) (the statutory maximum sentence includes the sentence that may be imposed after a prior drug conviction); United States v. Gibson, 434 F.3d 1234, 1250 n. 30 (11th Cir.), *cert. denied*, 126 S.Ct. 2911 (2006) (no Fifth Amendment violation where the sentence was less than the statutory maximum); United States v. Navarro-Lenis, 148 Fed.Appx. 801, *2, n. 1 (11th Cir. 2005) (not selected for publication in the Federal Reporter, No. 04-14420) (no Fifth Amendment error where Defendant sentenced below the statutory maximum).

**Ground three**

Defendant argues in his first enumerated issue that counsel was ineffective. Doc. 98, pp. 4-10.  Defendant makes a number of unexplained accusations under this heading.  He asserts that his lawyer should have moved to dismiss the indictment because the statements in the affidavit submitted to support the search warrant were false.  *Id.*, pp. 4-5.  He asserts that his attorney did not "bother to discuss any pretrial or trial strategy with Mr. Daniels," and met with him for "approximately 15 minutes."  *Id.*, p. 5.  He asserts that his attorney did not discuss the benefits of pleading guilty.  *Id.*  He alleges that his lawyer did not conduct pretrial investigation.  *Id.*, p. 8.

With the exception of alleged false testimony regarding statements from Delovontez D. Washington (which will be discussed ahead with respect to ground five), Defendant has provided no specifics as to any of these claims to show attorney error or prejudice to the outcome.  This is fatal to the claim.  "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."

Strickland v. Washington, 466 U.S. at 690, 104 S.Ct. at 2066.  "Conclusory allegations of ineffective assistance are insufficient."  Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), *quoting*, United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (same); Aldrich v. Wainwright, 777 F.2d 630, 636-37 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to state a claim of ineffective assistance of counsel); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir. 1990), *cert. denied*, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir. 1990), *cert. denied*, 502 U.S. 826 (1991).

**Ground four**

In "issue two," Defendant asserts that "[c]ounsel was also ineffective for not proceeding with motions to have a suppression hearing or suppression of the evidence during pretrial matters."  Doc. 98, p. 10.

Defendant claims that counsel was ineffective as to the "veracity of the Search Warrant Affidavit."  *Id*.  Defendant again provides no specifics, and the claim is insufficient.  This will be discussed in greater depth ahead with respect to ground five.

Defendant claims that counsel was ineffective for failing to move to dismiss the indictment due to the statute of limitations.  *Id*.  This claim is without merit as discussed above.

Defendant claims that counsel was ineffective because the indictment alleged that he conspired with unknown persons.  *Id*.  He asserts that counsel should have argued violation of the right to confrontation based on the charge of conspiracy with

unknown persons.  *Id.*, pp. 10-11.  Defendant claims the Government knew there was no conspiracy, and shifted the burden of proof to him to prove he did not conspire with unnamed persons.  *Id.*, p. 11.

Counsel was not ineffective.  The Eleventh Circuit found that Defendant's attorney moved to dismiss the indictment because it did not identify the persons with whom Defendant conspired.  Doc. 83, p. 7.  The court rejected that claim.

Defendant does not identify anything else that his attorney might have argued that would have been successful.  A person may be convicted of conspiring with unknown and unnamed persons.  United States v. Figueroa, 720 F.2d 1239, 1244-1245 and n. 8 (11th Cir. 1983), *citing*, United States v. Goodwin, 492 F.2d 1141 (5th Cir.1974).

There was "overwhelming" evidence of a conspiracy with other persons, as the Eleventh Circuit found.  Doc. 83, p. 11.  The Eleventh Circuit noted:

> [The evidence] showed that [Defendant]: (1) partnered with his friend Burgess from mid-1998 until April 1999 to sell Burgess's drugs and split the profits; (2) advanced large sums of cocaine to Henry Washington from 1998 to 2000 and tried to cook several ounces of crack cocaine for him; (3) was introduced to Dupont by Green, who also accompanied him on several drug deals; (4) used the car of an unidentified couple to facilitate the crack cocaine deal with Dupont at the Tallahassee Mall; and (5) used Green and his brother to find out if Dupont was working for the police, which led to Dupont's murder.

Doc. 83, p. 11.  Ground four is without merit.

**Ground five**

Issue three presented by Defendant claims that trial counsel was ineffective for failing to interview or depose witnesses listed in the search warrant affidavit, including Delovontez Washington and Renisha Gibbs.  Defendant asserts that these two people

would have contradicted "the government's allegations in the Search Warrant Affidavit." *Id.*, pp. 12-13.  While Defendant identified the two witnesses by name, he did not allege what they would have said had Defendant's attorney interviewed them.

In his reply to the Government's response, however, Defendant filed an affidavit from Delovontez Washington dated March 16, 2007.  Doc. 108-2, p. 11 on the electronic docket; doc. 108, Ex. D.  In that affidavit, Washington states that he never met with anyone from the Florida Department of Law Enforcement (FDLE) concerning the drug trafficking activities of Defendant, and that all of the statements attributed to him by DEA agent Louis Andris in support of the search warrant for Defendant's home were "not true."  *Id.*  Washington generally recants everything that he reportedly said to law enforcement officers in the affidavit in support of the search warrant for Defendant's home.  *Id.*

The claim concerning the evidence allegedly provided to support the search warrant implicates the ruling in Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  Franks held that when the veracity of a sworn statement used by law enforcement officers to obtain a search warrant is challenged and an evidentiary hearing is found to be warranted, the burden is upon the challenging defendant to prove that the statements contained therein were "deliberate falsehood[s]" or made in "reckless disregard for the truth."  438 U.S. at 171, 98 S.Ct. at 2684.  "The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant."  *Id.*

Since an evidentiary hearing has not been held, it will be assumed for the sake of argument that Washington is now telling the truth.  *If* DEA Andris and others never

interviewed Washington at all, then the statements by DEA Andris in his affidavit regarding what Washington said about Defendant's drug dealings would have been a "deliberate falsehood."

> But that does not end the Franks analysis.
>
> To justify suppression of evidence seized under a warrant, the alleged deliberate or reckless failure to include material information in the affidavit must conceal information that would defeat probable cause. *See United States v. Cross*, 928 F.2d 1030, 1040 (11th Cir.1991); *see also United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir.1990) (Minor or immaterial omissions from the affidavit will not invalidate a warrant where the omitted information, if furnished, would not have precluded a finding of probable cause.).

United States v. Steiger, 318 F.3d 1039, 1046 (11th Cir.), *cert. denied*, 538 U.S. 1051 (2003).

I issued the search warrant on March 10, 2003.  Case Number 4:03mj38.  I ordered that a copy of that application and affidavit for this search warrant be separately filed on the docket.  The affiant, DEA agent Andris, provided evidence, *inter alia*, that from 1998 through at least October 25, 2002, Defendant had been distributing cocaine and crack cocaine with Vinson Burgess, Constance Dupont, Nan Campbell, Jim Campbell, and Renisha Gibbs.  Affidavit, ¶¶ 2-38.  There was also evidence from surveillance of drug buys from Defendant, including one on October 11, 2002, recordings of drug buys from Defendant, and intercepted telephone conversations on October 6, 2002, and October 25, 2002, in which Defendant talked about his drug dealings.  *Id.*  See especially ¶¶ 19, 21-26, and 38.

Delovontez Washington is Defendant's brother.  Affidavit, ¶ 8.  Washington was interviewed on December 3, 2002, according to Agent Andris.  Affidavit, ¶ 39.

Washington provided information as to where Defendant was "currently" getting his cocaine. Affidavit, ¶ 41. He provided information that Defendant had "just received" cocaine. *Id.*

Finally, the most current information in support of the application for a search warrant was the March 4, 2003, testimony of Renisha Gibbs. Affidavit, ¶ 47. She said she believed Defendant was still selling crack cocaine because Defendant was still receiving telephone calls and pages, just as he had done when he sold crack cocaine in the past. *Id.*

In summary, the issue for probable cause was whether the evidence was stale. It was not. Washington's evidence of Defendant's drug dealing was a bit closer to the date of the application for the search warrant (March 10, 2003). But excluding that evidence, the remainder of the affidavit showed continuous dealing from 1998 through at least October 25, 2002, and some reason to believe that as late as March 4, 2003, Defendant was still in the drug business. Even without the evidence from Washington, there was probable cause to believe that evidence of Defendant's past drug dealing (ledgers, scales, residue, weapons, and the like) would be found in his residence.

For these reasons, an evidentiary hearing is not needed. Even if Washington were now telling the truth, Defendant had no <u>Franks</u> claim. Hence, prejudice to the outcome has not been shown for the alleged failure of counsel to interview Washington.

In ground five, Defendant also faults counsel for failing to hire an investigator. *Id.*, p. 12. He asserts that between the time counsel was appointed on April 4, 2003, and trial on October 21, 2003, counsel only visited him once, the day before trial. *Id.*, p. 13. Defendant claims that counsel did not discuss the case with him or learn the facts

of the case. *Id.*, pp. 13-16. These allegations are insufficient because specifics have not been alleged. Clifford Davis, Defendant's attorney, states under oath: "I interviewed numerous witnesses prior to trial who were not called to testify. All decisions on who to call and not to call were discussed with and had the approval of the Defendant." Doc. 102-2, p. 1. Mr. Davis states that Defendant's claim that he failed to investigate is "an absolute false statement." *Id.*, p. 2. Counsel for Defendant called seven witnesses in defense: Barbara McGraw, Quinton Peters, Jeremy Graham, John French, Renardo Daniels, Todrick Brown, and Tara Daniels. Doc. 102, p. 16, citing the record. As previously noted, Defendant was acquitted of one of the four counts. Against this record, the lack of specifics is fatal to this aspect of ground five. For all of these reasons, ground five is without merit.

### Ground six

Issue four contends that counsel was ineffective in failing to negotiate a plea bargain or advise Defendant whether to enter a plea or go to trial. Doc. 98, p. 17. Defendant argues that his attorney "knew the defendant was facing a mandatory life sentence." *Id.* Defendant then expounds upon the virtues and benefits of cooperation, but offers nothing that he might have done to cooperate. *Id.*, pp. 17-21. The missing element of the claim here, like all that have gone before, is the failure to alleges specifics. Mr. Davis avers: "The plea was non-negotiable but the Defendant insisted on his innocence at all times and demanded a trial." Doc. 102-2, p. 2. Trial counsel confirms:

> Neither the charges nor the notice of enhanced sentence was negotiable. Given the evidence of Daniels' involvement in Dupont's murder, the government would not have offered anything less than a plea to the

>indictment. If Daniels had decided to plead guilty, he would have faced
>the same statutory penalty of life imprisonment on Count One.

Doc. 102, p. 16. This is true. The United States Attorney for this District uniformly requires a plea to the most severe count charged. Ground six affords no relief.

**Ground seven**

Defendant argues in issue five that counsel was ineffective for failing to advise that his sentence would be enhanced pursuant to 21 U.S.C. § 851 based on his prior convictions. Doc. 98, p. 21. He argues that counsel did not explain that the enhancement was to life imprisonment. *Id*. He asserts that this failure deprived him of effective assistance of counsel because he was not able to make an informed decision as to whether to plead guilty. *Id*.

Mr. Davis avers that this claim is false. Doc. 102-2, p. 2. Further, the notice of enhancement was filed at Defendant's first appearance, on March 11, 2003, and presented by hand to Defendant's attorney at that time, Mr. Murrell. Doc. 6. Defendant, of course, was there. Moreover, at the first appearance I told the Defendant that he faced a mandatory sentence on Count One if convicted due to his prior drug convictions. Doc. 7. The claim is completely contrary to the record.

Finally, even had Defendant entered a guilty plea and received a three level reduction for acceptance of responsibility, he still would received a mandatory life sentence under the statute. Doc. 83 (Eleventh Circuit opinion), p. 16, citing 21 U.S.C. § 841(b)(1)(A). Doc. 102, pp.16-17. Prejudice to the outcome has not been shown.

**Ground eight**

In issue six, Defendant faults counsel for failing to file a motion to set aside the jury verdict on Count One based on insufficient evidence to establish a conspiracy, as was argued on direct appeal.  Doc. 98, pp. 22-23.  Like all of the other claims, this claim of ineffective assistance of counsel is unsupported.  Defendant does not explain what arguments his attorney should have made to support a motion to set aside the jury verdict on Count One.  Defendant's lawyer filed a motion for judgment of acquittal.  Doc. 83, p. 10.  On appeal, the evidence to support conviction of a conspiracy was found to be overwhelmingly sufficient.  A separate motion to set aside the verdict would have been futile.

For these reasons, it is **RECOMMENDED** that Defendant Hernandez Lopaz Daniels's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 98, is **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**